IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **NORMAN G. GOBERT** | § | **PLAINTIFF** |
| | § | |
| v. | § | CAUSE NO. 1:09CV673 LG-RHW |
| | § | |
| **SAITECH, INC. and COMPUTER** | § | |
| **SCIENCES CORPORATION** | § | **DEFENDANTS** |

<u>**MEMORANDUM OPINION AND ORDER DENYING**</u>
<u>**MOTION TO DISMISS OF COMPUTER SCIENCES CORPORATION**</u>

BEFORE THE COURT is the Motion [6] to Dismiss filed by Defendant Computer Sciences Corporation. The Plaintiff, Gobert, has responded, and CSC has replied. After due consideration, the Court finds that Gobert has sufficiently pled a plausible cause of action against CSC. Accordingly, CSC's Motion to Dismiss will be denied.

FACTS AND PROCEDURAL HISTORY

Gobert alleges that he "was an employee and/or joint employee" of the Defendants, Saitech, Inc. and CSC. Compl. 1. CSC is a prime contractor to NASA at the Stennis Space Center in Mississippi. Saitech is CSC's subcontractor. Gobert is a 50-year-old African-American who was hired by Saitech in 2006 to provide IT support services. Shortly thereafter, Saitech promoted Gobert to a position with supervisory duties. Approximately two years later, Gobert was transferred from the Document Imaging Department to the IT Department. He acquired a new supervisor and office in the move, neither of which he was pleased with. Compl. 3-4. He alleges he was subjected to an escalating pattern of hostility and "intimidating confrontations" with CSC management. *Id*. at 4. Within four months, Saitech informed him that CSC had rated his work performance as "poor," and therefore Saitech terminated his employment. *Id.* He alleges that after his termination, a younger, less qualified Caucasian

performed his duties. *Id*. He filed charges of discrimination with the EEOC against Saitech and CSC, and received Dismissal and Notice of Rights letters dated June 15, 2009. Ct. R. 1-3. He now brings claims of race and age discrimination, hostile work environment, and retaliation against Saitech and CSC.

## DISCUSSION

CSC asserts that it is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6) because it was not Gobert's employer, and therefore his employment discrimination claims, all based on Title VII and the ADEA, necessarily fail. CSC points to the lack of specific facts showing that it was Gobert's employer, or that Saitech and CSC operated an integrated enterprise. Gobert argues that his allegations that 1) he was an employee and or joint employee of Saitech and CSC, 2) who together controlled and directed his work as an integrated enterprise and 3) he was terminated by Saitech because CSC found his work performance to be poor, are sufficient to allege that the two Defendants acted as a single employer.

Gobert's argument is based on the Fifth Circuit's opinion in *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983). The Fifth Circuit noted that "the term 'employer' as used in Title VII of the Civil Rights Act was meant to be liberally construed." *Id* at 403.

> [T]he rule has emerged that superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer. Factors considered in determining whether distinct entities constitute an integrated enterprise are (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.

*Id*. at 404 (citations omitted). The "critical question" is: "What entity made the final decisions regarding employment matters related to the person claiming discrimination?" *Id*. (citation and

quotation marks omitted). Since this case is before the Court on a 12(b)(6) motion, the Court must examine only the allegations of the Complaint for their legal sufficiency. The law does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007). "[C]laims lacking merit may be dealt with through summary judgment under Rule 56." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 514 (2002).

It appears to the Court that whether CSC and Saitech operate as a single employer or an integrated enterprise, as alleged by Gobert, is a factual question that cannot be resolved on a motion to dismiss. *See Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 365 (2d Cir. 2000) (failure to prove single employer status is not a ground for dismissing for failure to state claim); *Wilkens v. Toyotetsu Am., Inc.*, 2010 WL 457306, at *2 (W.D. Tex. Feb. 5, 2010); *Johnson v. Hosp. Corp. of Am.*, 2009 WL 3648448, at *8 (W.D. La. Nov. 3, 2009). Gobert has pled that the two Defendants acted as a single employer in regard to his employment. Whether he can prove his allegations by establishing the factors set out in *Trevino* is not a matter to be decided under the 12(b)(6) standard, but should be addressed by a properly supported summary judgment motion.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [6] to Dismiss filed by Defendant Computer Sciences Corporation is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 14th day of April, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE
